## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **Catherine L. E.,**[1] | Case No. 3:20-cv-00457-IM |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **ANDREW M. SAUL,** Commissioner of Social Security, | |
| Defendant. | |

H. Peter Evans, Evans & Evans, PC, 222 NE Park Plaza Drive, Ste 113, Vancouver, WA 98684. Attorney for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, Oregon 97204; Thomas M. Elsberry, Special Assistant United States Attorney, Office of General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Attorneys for Defendant.

**IMMERGUT, District Judge**

Plaintiff seeks judicial review of the Commissioner's decision to deny her application for

Disability Insurance Benefits ("DIB") pursuant to 42 U.S.C. § 405(g). As explained below, this

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Court finds that the ALJ committed harmful error by: (1) classifying Plaintiff's past relevant work as "sedentary"; (2) failing to provide clear and convincing reasons for rejecting Plaintiff's alleged standing and walking limitations; and (3) failing to provide clear and convincing reasons for rejecting Plaintiff's testimony that she was unable to lift more than ten pounds. Accordingly, for the reasons explained below, the Commissioner's decision is reversed and remanded for further proceedings consistent with this opinion. The Court declines to credit Plaintiff's symptom testimony as true because there are outstanding issues to resolve. On remand, the ALJ must assess Plaintiff's credibility with respect to standing, walking, and lifting, and either provide clear and convincing reasons to reject each allegation or properly account for each in the RFC.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495

F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th

Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the

Commissioner on a ground upon which the Commissioner did not rely. *Id. See also Bray*, 554

F.3d at 1226.

## BACKGROUND

### A.  Plaintiff's Application

   Plaintiff was born in 1955. AR 326, 331, 806. She filed her application for DIB on July

24, 2014, alleging disability since January 27, 2006. AR 144-45. She alleges disability due to

fibromyalgia, degenerative disc disease of the lumbar spine, obesity, left carpal tunnel syndrome,

losing balance to the left, and sacroiliitis. AR 326, 331, 806. Her date last insured was December

31, 2011. AR 147. Plaintiff has past relevant work as a health unit coordinator at a hospital. AR

174, 176. She has one year of college education. AR 165.

   The Commissioner denied Plaintiff's application initially and upon reconsideration, AR

89-97, after which Plaintiff requested a hearing. AR 98-99. The hearing took place on April 20,

2016 before ALJ Richard Geib. AR 32. At the hearing, Plaintiff amended her alleged onset date

to November 15, 2010, when she turned age 55. AR 36-37.

   On June 24, 2016, the ALJ issued a decision finding Plaintiff not disabled. AR 15. After

the Appeals Council denied her request for review, AR 1, 140-42, Plaintiff sought judicial

review in this District. On October 11, 2018, Magistrate Judge Jolie A. Russo reversed the ALJ's

decision and remanded the case for further proceedings. AR 926. Judge Russo found that the

ALJ erred by improperly discrediting Plaintiff's testimony. AR 924. However, Judge Russo

concluded that the ALJ reasonably determined that Plaintiff's depression was insufficient to meet

the requirements for a medically determinable impairment, the ALJ committed harmless error in

not addressing Plaintiff's obesity and depression as part of the residual functional assessment,

and the ALJ properly assigned little weight to Dr. Kisor's statement dated September 2014. AR 916-917, 919-920. Judge Russo required the ALJ to consult a medical expert on remand. AR 926.

On May 23, 2019, the ALJ held a remand administrative hearing. AR 862-64. On September 17, 2019, a supplemental hearing was held and a medical expert and a vocational expert testified. AR 838-39. On November 21, 2019, the ALJ issued a decision finding Plaintiff not disabled. AR 800. Plaintiff did not file written exceptions, and the Appeals Council did not review the ALJ's decision, making the ALJ's decision the final administrative decision in this case after 60 days.

**B.  The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1.    Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled.

*Id. See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also*

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The

Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1099, 1100. *See also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C.  The ALJ's Decision

The ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2011. AR 806. At step one of the sequential evaluation process, the ALJ determined that Plaintiff did not engage in substantial gainful activity during the period from her amended alleged onset date of November 15, 2010 through her date last insured of December 31, 2011. *Id.*

The ALJ found at step two that through the date last insured, Plaintiff had the following severe impairments: obesity, fibromyalgia, degenerative disc disease of the lumbar spine, and left carpal tunnel syndrome. AR 806-13.

The ALJ concluded at step three that although these impairments constituted severe impairments under 20 C.F.R. § 404.1520(c), the impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 813-14.

The ALJ found at step four that through the date last insured, Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), except she could occasionally climb stairs and ramps; she should never climb ladders, ropes, or

scaffolds; she could occasionally balance, stoop, kneel, crouch, and crawl; she needed an assistive device for ambulation; and she could frequently handle and finger bilaterally. AR 814. The RFC formulated on remand was the same as that formulated in the prior proceeding. *See* AR 22.

Through the date last insured, the ALJ found that Plaintiff was capable of performing past relevant work as a unit coordinator. AR 830. The ALJ found this job to be described as sedentary skilled ("SVP 6") work. *Id*. Thus, the ALJ found that Plaintiff was not disabled at any time from November 15, 2010, the amended alleged onset date, through December 31, 2011, the date last insured. *Id*.

## DISCUSSION

Plaintiff raises two issues: (1) whether there is substantial evidence in the record supporting the ALJ's finding at step four that a unit coordinator is classified at a sedentary exertional level, and (2) whether the ALJ provided clear and convincing reasons to reject Plaintiff's subjective symptom testimony. ECF 14 at 3. Defendant argues that the ALJ properly found that Plaintiff can perform her past relevant work as a unit coordinator, reasonably analyzed Plaintiff's symptom testimony, and properly accounted for reliable testimony in the RFC. *See generally* ECF 15.

## A. The ALJ Improperly Classified the Past Relevant Work of a Unit Coordinator at a Sedentary Exertional Level

At step four of the sequential analysis, the ALJ must assess Plaintiff's RFC and consider Plaintiff's ability to perform past relevant work ("PRW"). 20 C.F.R. § 416.920(a)(4)(iv). If the plaintiff can perform her past relevant work as generally performed or as actually performed, she is not disabled. *See Villa v. Heckler*, 797 F.2d 794, 798 (1986)) (explaining that the claimant

"has the burden of proving an inability to return to his former type of work and not just to his former job"). Here, the ALJ found that Plaintiff could perform her PRW as a unit coordinator.

The VE did not state which occupation in the Dictionary of Occupational Titles (DOT) she was referring to when she testified, and the ALJ did not specify one in his decision. The VE stated that she was discussing "the unit coordinator for Provident Saint Vincent from 2001 to 2006." AR 857. The ALJ asked at one point if the VE's testimony was "consistent with the DOT," and the VE said it was. AR 858. In his opinion, the ALJ concluded that "[p]ursuant to SSR 00-4p," "the vocational expert's testimony is consistent with the information contained in the [DOT]." AR 830. The ALJ stated in his opinion that the unit coordinator job is "described as sedentary skilled (SVP 6) work." *Id*.[2] The VE at the remand hearing did not appear to specify whether the unit coordinator role was a sedentary or light work role, *see* AR 854-58 (2019 ALJ hearing), but the VE at the prior proceeding stated that it was a sedentary role, *see* AR 53-54 (2016 ALJ hearing).

Plaintiff states in her briefing that the only DOT job she could identify that might be the job the VE was describing is the unit clerk position, DOT #245.362-014, which is classified at a light exertional level. ECF 14 at 8; *see also* Unit Clerk, DICOT 245.362-014, 1991 WL 672270. The Commissioner does not suggest any DOT position in response and only argues that any error

---

[2] "'SVP' refers to the 'specific vocational preparation' level which is defined in the DOT as 'the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation.'" *Bray v. Comm'r of Soc. Sec. Admin*., 554 F.3d 1219, 1230 (9th Cir. 2009) (quoting Dictionary of Occupational Titles, Appendix C, page 1009 (4th ed.1991)). SVP 6 corresponds with skilled work. *Id*.

is harmless because the ALJ found Plaintiff could perform light work. *See generally* ECF 15.

DOT #245.362-014 includes activities such as keeping a file of medical records, answering the

phone, providing information to patients and staff, and directing visitors to patients' rooms,

which appear to align with the record regarding Plaintiff's PRW as a unit coordinator. AR 44,

416-17, 869, 872; Unit Clerk, DICOT 245.362-014, 1991 WL 672270.

      The relevant DOT code lists the unit coordinator position as light work, while the ALJ

described the job at issue as sedentary. A light work designation appears consistent with both the

DOT code and Plaintiff's work history report regarding her unit coordinator role, which the VE

on remand stated she relied on. *See* AR 174, 176, 855-57. Plaintiff stated that she stood and

walked for 4.75 hours of a 6 to 12 hour work day. Proportionally, this is roughly 40% of

Plaintiff's work day at minimum. This amount of standing and walking exceeds that of a

sedentary job. *See* SSR 83-10, 1983 WL 31251, at *5 (S.S.A. 1983) (explaining that "being on

one's feet is required 'occasionally' at the sedentary level" so "periods of standing or walking

should generally total no more than about 2 hours of an 8-hour workday," or 25%); *see also* 20

C.F.R. § 404.1567(b) (explaining that light work "requires a good deal of walking or standing").

Similarly, Plaintiff's statements that she carried twenty-five pounds is inconsistent with

sedentary work, which requires lifting at most ten pounds at a time. 20 C.F.R. § 404.1567(a).

      Because the ALJ found that Plaintiff is capable of performing light work, however,

whether this error was harmful depends on the outcome of Plaintiff's second ground for appeal.

As explained below, this Court finds that the ALJ committed harmful legal error by not properly

evaluating the credibility of Plaintiff's specific fibromyalgia and desiccated discs symptom

testimony and not accounting for those symptoms in the RFC, assuming the ALJ found them

credible. Consequently, the error as to classifying the unit coordinator position as "sedentary" was also harmful error.

**B. The ALJ failed to properly assess Plaintiff's credibility with respect to standing and walking limitations**

Plaintiff argues that her testimony conflicts with the higher exertional demands of her past work as a unit coordinator. ECF 14 at 11-14; *see also* ECF 16 at 3 (asserting that conflict exists respecting both the role "as actually performed" and "as generally performed"). Plaintiff focuses on symptoms regarding fibromyalgia and degenerative disc disease, such as a limited ability to walk and stand, the need to use a wheelchair/mobility chair for longer distances, chronic fatigue, and lower back pain. *See* ECF 14 at 11-14 (citing AR 59, 187, 193); ECF 16 at 3-6.

It is unclear to this Court whether the ALJ accepted as credible Plaintiff's description of her specific standing and walking limitations because they were not explicitly addressed in formulating her RFC. AR 827. He stated that the existing RFC contains limitations to account for the symptoms of Plaintiff's conditions. He also stated, "The medical record does not contain evidence showing [Plaintiff] was more limited during the period at issue than provided for in the [RFC]. Any discussion of her credibility is of little consequence if the allegations themselves do not support inability to sustain fulltime work activity." AR 827; *see also* ECF 15 at 12-13 (Defendant's brief).

Plaintiff stated in her adult function report that she can only stand for about ten minutes at a time, she can only walk half of a city block before needing to rest for five minutes, she uses a cane while walking, and she needs to use a mobility chair/wheelchair when walking long distances. ECF 14 at 12-13; AR 187, 192-93. Plaintiff also stated that she requires a stool in the shower and when she peels potatoes or stirs at the stove. AR 189, 816. In his opinion, the ALJ

acknowledged this report and noted Plaintiff's statement that she "would use a cane, a wheelchair, and a mobility chair." AR 815. The RFC does not explicitly limit walking or standing, but it does state that "an assistive device for ambulation" is needed. AR 814. The RFC also states that Plaintiff "could occasionally climb stairs and ramps. She should never climb ladders, ropes, or scaffolds. The claimant could occasionally balance, stoop, kneel, crouch, and crawl." AR 814.

Plaintiff argues that there is "an apparent conflict between Plaintiff's use of an assistive device for any ambulation in the RFC and having to walk for more than two hours out of an eight-hour workday, and carry up to 20 pounds for a light exertional job." ECF 14 at 9. Plaintiff also argues that the use of the cane impacts the ability to carry items, and affects her pace and productivity, in ways that the ALJ did not consider. *See id.* at 10; *Brown v. Comm'r Soc. Sec. Admin.*, No. 3:13-CV-02051-MA, 2014 WL 5488833, at *9 (D. Or. Oct. 29, 2014) (noting that VE testified that "if a claimant were required to use an assistive device (cane), competitive employment may be eliminated if there are pace and production requirements due to the loss of productivity").

While the ALJ asked the VE about a hypothetical person who needs an assistive device to ambulate, he did not specify the type of assistive device he was referring to, nor did he include any of Plaintiff's limitations on distance, rest requirements, length of time walking, or length of time standing. AR 857 (September 2019 hearing specifying no standing and walking limitations besides the need of an assistive device); AR 55 (2016 hearing specifying person who could "stand and walk up to six hours" and "would require use of an assistive device while ambulating"). Accordingly, the hypothetical questions to the VE did not include all of Plaintiff's alleged limitations. Without a proper credibility analysis with respect to those limitations, the

VE's answers are of little evidentiary value. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) (citing *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984)); *Magallanes v. Bowen*, 881 F.2d 747, 757 (9th Cir. 1989).

The ALJ's errors in not adequately addressing Plaintiff's standing and walking limitations constitute harmful errors because this Court cannot "confidently conclude that no reasonable ALJ . . . could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). A reasonable ALJ crediting Plaintiff's testimony certainly could have concluded that Plaintiff cannot do her PRW of unit coordinator. As noted above, Plaintiff stated that in that role, she stood and walked for 4.75 hours of a six- to twelve-hour work day. AR 174, 176. She also testified that she probably walked five to ten miles per eight-hour shift, and that "one of the hallways was as long as a football field." AR 872; *see also* 20 C.F.R. § 404.1567(b) (explaining that light work "requires a good deal of walking or standing").

Accordingly, this Court remands on this issue; as explained below, remand will be for further proceedings. On remand, the ALJ should make credibility findings as to Plaintiff's statements that she can only stand for about ten minutes at a time, she can only walk half of a city block before needing to rest for five minutes, she uses a cane while walking, and she needs to use a mobility chair/wheelchair when walking long distances. ECF 14 at 12-13; AR 187, 192-93. The ALJ should then formulate a new RFC as necessary and proceed through the sequential steps; this may require new VE testimony with reformulated hypotheticals that fully account for Plaintiff's standing and walking limitations.

**C.  The ALJ erred by not providing sufficient reasons to reject Plaintiff's testimony regarding an inability to lift more than ten pounds**

Plaintiff also raises her alleged inability to lift items weighing more than ten pounds. *See* ECF 16 at 5 (citing AR 816); AR 188.[3] The ALJ rejected this allegation because the medical expert's testimony indicated that Plaintiff could lift and carry more than ten pounds, and therefore Plaintiff's allegation otherwise is not credible. AR 816, 827; *see also* AR 847–48 (portion of medical expert's 2019 testimony).

"[A]n ALJ cannot reject a claimant's subjective pain or symptom testimony simply because the alleged severity of the pain or symptoms is not supported by objective medical evidence." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 n.11 (9th Cir. 2007). Furthermore, the ALJ did not explain why the medical expert's opinion was "persuasive and consistent overall." AR 827. Indeed, the medical expert did not appear to notice evidence that Plaintiff needed a cane, and the ALJ rejected that aspect of her testimony. *Id*. The ALJ's reliance on this medical expert opinion, given the identified weaknesses and lack of explanation, does not constitute a clear and convincing reason to reject Plaintiff's testimony regarding a limitation to lifting less than ten pounds. The ALJ therefore erred in rejecting Plaintiff's testimony on this point without providing clear and convincing reasons for doing so.

A reviewing court cannot consider an error harmless "unless it can confidently conclude that no reasonable ALJ . . . could have reached a different disability determination." *Stout*, 454 F.3d at 1056. If credited, Plaintiff's symptom testimony may result in a more limited RFC and a different disability determination. Plaintiff stated that in her unit coordinator role, she carried up

---

[3] Plaintiff's statements alternatively allege an inability to lift ten pounds and an inability to lift more than ten pounds. *See, e.g.,* AR 188 ("can only lift items less than 10 lbs"); AR 194 ("cannot lift anything over 10 lbs"). This Court does not address this potential distinction.

to twenty-five pounds. AR 176. A limitation to ten pounds is consistent with sedentary work. 20

C.F.R. § 404.1567(a). Accordingly, this Court finds that the ALJ committed harmful error in his

analysis of Plaintiff's symptom testimony and the decision is reversed as to this issue. On

remand, the ALJ may either provide clear and convincing reasons to reject this testimony or

accept it and include an appropriate limitation in the new RFC.

**D.  Remand for further proceedings is appropriate**

Plaintiff asks this Court to reverse and remand for immediate calculation of benefits or, in

the alternative, "a fair and thorough evaluation" of the relevant issues. ECF 14 at 14; ECF 16 at

6. A reviewing court may "credit evidence that was rejected during the administrative process

and remand for an immediate award of benefits if: (1) the ALJ failed to provide legally sufficient

reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved

before a determination of disability can be made; and (3) it is clear from the record that the ALJ

would be required to find the claimant disabled were such evidence credited." *Benecke v.

Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). Remanding for an immediate award of benefits is

appropriate where "the record, taken as a whole, leaves not the slightest uncertainty as to the

outcome of [the] proceeding." *Treichler v. Comm'r of Soc. Sec. Admin*., 775 F.3d 1090, 1101

(9th Cir. 2014) (quotation marks and citation omitted) (alteration in original). The "proper

course, except in rare circumstances, is to remand to the agency for additional investigation or

explanation." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012).

Previously in this case, Judge Russo declined to remand for an immediate award of

benefits. AR 925-26. She explained that the record is "ambiguous regarding the extent of

plaintiff's impairments" and ordered that the ALJ upon remand "must consult a medical expert

and, if necessary, reformulate plaintiff's RFC and obtain additional vocational expert testimony."

*Id*. On remand, the ALJ did not alter the previous RFC. AR 22, 814.

This Court concludes that outstanding issues must be resolved before a determination of disability can be made. Remand for further proceedings is appropriate because the ALJ ended his inquiry at step four; he did not proceed to step five and therefore did not make any conclusions as to whether Plaintiff could do other work given her age, education, and RFC.

Plaintiff argues that immediate calculation of benefits is appropriate because "if a person is limited to sedentary work, she is of advanced age, and she has no transferable skills that would transfer to a sedentary position, she would be found disabled." ECF 16 at 4; *see also* ECF 14 at 14. Plaintiff states the VE "did not testify about transferable skills to sedentary work." ECF 16 at 4 (citing AR 856). However, it is not clear to this Court that the VE testified that there was no transferability to sedentary work. In the testimony cited by Plaintiff, her counsel asked about a hypothetical person limited to light work, who needs a cane, and is restricted to different SVP levels. AR 855. Counsel asked the VE if "there are any skills that transfer from [past] work into the RFC I've just described": light work with SVP 3 or 4. *Id.* The VE responded:

> [I]t looks like with the past work that we have that there would be some transferability into some light SVP 3 things. Like, one of the examples was a general clerk, which would be just sort of like a limited clerical, administrative position that's light. But, let me back into the screen that I was in. Okay, so there are some things, like general clerk is an example of an occupation that I think there could be transferability for at the light level. That one's an SVP 3. There's also file clerk, which is an SVP 3. I'm not seeing a lot specifically at the SVP 4 level.

AR 856.

It appears that the VE's testimony focused on the light work level and adjusted according to the different SVP levels that Plaintiff's counsel inquired about. This Court is not certain based on this testimony that the VE concluded that Plaintiff had no transferable skills to any sedentary jobs. Counsel's question covered many different limitations and counsel did not permit the VE to provide any further answers or clarification, though it appears the VE wanted to do so. AR 856.

Testimony about transferable skills to sedentary work specifically should be developed on

remand. *See Harman v. Apfel*, 211 F.3d 1172, 1178–79 (9th Cir. 2000) (explaining "where the

testimony of the vocational expert has failed to address a claimant's limitations as established by

improperly discredited evidence," the Ninth Circuit "consistently" remands for "further

proceedings rather than payment of benefits"); *cf. Reddick v. Chater*, 157 F.3d 715, 721, 729-30

& n.13 (9th Cir. 1998) (remanding for immediate award of benefits where ALJ only reached step

four because plaintiff's past work was sedentary and VE was asked about and testified to

plaintiff's inability to perform past or any work if her fatigue and pain testimony were credited);

*Varney v. Sec'y of Health & Hum. Servs.*, 859 F.2d 1396, 1400 (9th Cir. 1988) (remanding for

benefits where plaintiff's attorney "amended the hypothetical question to reflect [plaintiff's]

limitations" and VE responded that "such an individual would not be able to perform any of the

jobs" previously identified) (quotation marks, citations, and emphasis omitted).

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is REVERSED AND

REMANDED for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 23rd day of July, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge